# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Andres Borrero, on behalf of himself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. _____ |
| v. | )<br>) |
| COMPASS GROUP USA, INC., D/B/A CANTEEN | )<br>) JURY TRIAL DEMANDED<br>) |
| Defendant. | )<br>) |

**PLAINTIFF'S CLASS ACTION COMPLAINT**

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

THE PARTIES...................................................................................................................... 1

    Plaintiff ..................................................................................................................... 1

    Defendant .................................................................................................................. 1

JURISDICTION AND VENUE ........................................................................................... 2

FACTUAL ALLEGATIONS REGARDING DEFENDANT'S LIABILITY ............................... 2

CLASS ACTION ALLEGATIONS ..................................................................................... 4

COUNT I: BREACH OF CONTRACT ............................................................................... 6

COUNT II: VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, FLA. STAT. § 501.201 *ET SEQ*.) .................................................... 7

COUNT III: UNJUST ENRICHMENT................................................................................. 9

PRAYER FOR RELIEF ..................................................................................................... 10

PLAINTIFF Andres Borrero ("Plaintiff"), on behalf of himself and all others similarly situated, files this Class Action Complaint against DEFENDANT COMPASS GROUP USA, INC., D/B/A CANTEEN ("Canteen") as follows based on personal knowledge as to his own actions and on information and belief as to Defendant's conduct and practices.

## INTRODUCTION

1.      Plaintiff brings this class action individually and on behalf of a Class of similarly situated consumers who have purchased items from Defendant's vending machines located in the State of Florida and been charged more than the amount displayed for those items.

2.      Defendant's actions as alleged herein constitute breach of contract; violation of the Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. § 501.201 *et seq*.) ("FDUTPA"); and unjust enrichment.

## THE PARTIES

### Plaintiff

3.      Plaintiff Andres Borrero is a resident of Tampa, Florida and a citizen of the State of Florida who used a debit card to purchase items from a vending machine located at New South Window, 10741 Crossroads Commerce Blvd., Tampa, Florida, after which Defendant charged his card more than the posted prices.

### Defendant

4.      Defendant Compass Group USA, Inc., is a corporation incorporated in Delaware with its principal place of business located at 2400 Yorkmont Road in Charlotte, NC. It does business under the name "Canteen." Its registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

5.      Defendant owns, operates, services, and maintains vending machines throughout Florida. On its website, Defendant lists the following Canteen branches in Florida: Altamonte

Springs/Orlando; Fort Myers; Gainesville; Jacksonville; Lake Buena Vista/Orlando; Lakeland/Tampa; Largo/Tampa; Melbourne/Cocoa; Miami; Pensacola; Tallahassee; and Tampa.[1]

6. On its website, Defendant states that it is "the largest vending company in the nation...."[2]

## JURISDICTION AND VENUE

7. This is a class action under Rule 23 of the Federal Rules of Civil Procedure.

8. This court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d). Because some Class Members and Defendant are citizens of different states, there is minimal diversity. The amount in controversy exceeds $5,000,000 exclusive of interest and costs. There are at least 100 Class Members.

9. Personal jurisdiction is appropriate because Defendant resides in this district.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) both because Defendant resides in this district and because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS REGARDING DEFENDANT'S LIABILITY

11. Defendant owns and operates vending machines throughout the United States, including throughout Florida, which utilize a "two-tier" pricing structure for the products sold in the machines. A "two-tier" pricing structure means that a consumer is charged more for a product if the consumer elects to use a credit, debit or pre-paid card in lieu of paying cash for the product. Generally, the price for a credit, debit or prepaid card transaction is .10 cents higher than for a cash transaction. Hereinafter, the term "Cash Price" is the price charged by Defendant's "two-tier"

---

[1] https://www.canteen.com/find-your-canteen/ (accessed October 19, 2022).

[2] https://www.canteen.com/vending/ (accessed October 13, 2022).

[2333242/1]  2

vending machines for a cash transaction. Hereinafter, the term "Card Price" is the price charged by Defendant's "two-tier" vending machines for a credit, debit or pre-paid card transaction.

12. Defendant's vending machines that utilize "two-tier" pricing are required to have labeling that informs the consumer of the different prices for cash and card transactions.

13. On information and belief, many of Defendant's "two-tier" vending machines in Florida, including the machines used by Plaintiff, failed to have such labeling informing consumers that the "Card Price" is higher than the posted "Cash Price." Instead, such machines simply listed the lower "Cash Price," with no indication to consumers that they would be charged an amount that exceeds the displayed price when paying with a card.

14. By displaying the lower "Cash Price" on the machine and not informing the consumer that they will be charged the higher "Card Price" when paying with a card, Defendant deceives the consumer into paying a higher amount than listed.

15. On information and belief, Defendant knew that many of its "two-tier" vending machines lacked labeling informing consumers that they would be charged a higher amount for purchases made with a card than the price listed on the machine.

**Plaintiff's Purchases**

16. Defendant maintained vending machines at New South Window, 10741 Crossroads Commerce Blvd., Tampa, Florida.

17. These vending machines sold various items and displayed a price for each item. These machines were "two-tier" machines which charged a higher than advertised price for the products in the machine when a consumer used a credit, debit or prepaid card, in lieu of paying for the products with cash.

18. Plaintiff used the machines at New South Window 1-2 times per day (each time he had a break), every day he was at work, which was on average five days a week.

19. When Plaintiff made his purchases from Defendant's vending machine, there was no sign or other indication on the vending machine informing the consumer that the purchaser's card would be charged more than the displayed price.

20. Plaintiff made his purchases from Defendant's vending machines, as alleged above, for personal, family or household purposes.

## CLASS ACTION ALLEGATIONS

21. Plaintiff seeks to represent the following Class:

All persons or entities in the State of Florida who, within the applicable statute of limitations preceding the filing of this lawsuit to the date of class certification, purchased an item from a vending machine owned or operated by Defendant with a credit, debit or prepaid card and were charged an amount in excess of the price displayed for that item on the vending machine, except for items purchased from a vending machine that stated that charges would be increased for purchases with a card.

22. Excluded from the Class are any employees of Defendant, as well as the officers, directors, affiliates, legal representatives, predecessors, successors, and assigns of Defendant. Also excluded are the judges and court personnel in this case and any members of their immediate families.

23. Plaintiff reserves the right to amend or modify the Class definition with greater specificity or division into subclasses after having had an opportunity to conduct discovery.

24. The Class Period is that period within the statute of limitations for this action and extending until a Class is certified herein.

25. The action is properly maintainable as a class action under Fed. R. Civ. P. 23.

26. **Numerosity.** The members of the proposed Class are so numerous that joinder of all members is impracticable. The precise number of Class Members is unknown at this time.

27. **Commonality and Predominance.** There are numerous questions of law and fact common to the Class, which predominate over any questions affecting individual members of the Class. These common questions of law and fact include, without limitation:

   a. Whether Defendant sells items in vending machines with a particular displayed price;

   b. Whether Defendant charges customers' cards or accounts for more than the displayed price;

   c. Whether Defendant as a result has breached a contract for the sale of items from its vending machines;

   d. Whether Plaintiff and the members of the Class are entitled to an award of compensatory damages and/or restitution and/or disgorgement;

   e. Whether Defendant's conduct as alleged herein violates the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.*;

   f. Whether injunctive, declaratory, and/or or other equitable relief is warranted pursuant to the Florida Deceptive and Unfair Trade Practices Act;

   g. Whether Plaintiff and the Class are entitled to an award of punitive damages as permitted by the Florida Deceptive and Unfair Trade Practices Act; and

   h. Whether Defendant's actions constitute unjust enrichment.

28. **Adequacy.** Plaintiff is a member of the Class he seeks to represent, is committed to the vigorous prosecution of this action, and has retained competent counsel experienced in the prosecution of class actions. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

29. **Typicality.** Plaintiff's claims are typical of the claims of the Class Members.

30. **Superiority.** A class action is superior to all other available methods for fair and efficient adjudication of this controversy. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and

varying adjudications concerning the subject of this action. Absent a class action, the vast majority of Class Members would not be in a position to litigate their claims individually and would have no effective remedy at law through which to vindicate their claims. Class treatment will conserve the resources of the courts and the litigants, and further efficient adjudication of Class Member claims.

31.     **Class Action on Limited Issues.** Because there are common individual issues among the Class, it is appropriate for this action to be maintained as a class action with respect to particular issues if necessary. *See* Fed. R. Civ. P. 23(c)(4).

**COUNT I: BREACH OF CONTRACT**
(Plaintiff and the Class)

32.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

33.     Plaintiff and Class Members entered into contracts with Defendant; pursuant to those contracts Defendant offered to sell to Plaintiff and Class Members the items that were for sale in its vending machines for the displayed prices and Plaintiff and Class Members agreed to pay those prices.

34.     Plaintiff and Class Members performed pursuant to those contracts by using their cards to buy the items at the displayed prices.

35.     Defendant breached those contracts by charging Plaintiff's and Class Members' cards more than the displayed prices.

36.     Plaintiff and Class Members thereby suffered damages.

37.     WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below in this Complaint.

## COUNT II: VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, FLA. STAT. § 501.201 *ET SEQ.*)

(Plaintiff and the Class)

38. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

39. The items in Defendant's machines constitute "property" or "goods" pursuant to Fla. Stat. § 501.203(8).

40. By advertising, offering for sale, sale, solicitating, providing and/or distributing the items in its vending machines, Defendant engages in "trade" or "commerce" pursuant to Fla. Stat. § 501.203(8).

41. As set forth above, during the course of Defendant's business, it knowingly and willfully failed to inform consumers that they would be charged a higher price for items in its machines than the listed price when they made a purchase with a card.

42. At a minimum, Defendant omitted material facts by not disclosing to Plaintiff and the Class prior to their purchases: (a) that the listed price on its machines was only for purchases made with cash; and (b) that consumers were charged an amount higher than the listed price on its machines when they pay with a card.

43. Defendant's omission of the higher price for card purchases constituted a failure to disclose material facts that were known to it, or that, upon reasonable inquiry, would be known to it.

44. Selling items from its vending machines while listing the lower cash price and charging a higher amount for card purchases without disclosing such higher price, constitutes unfair acts and/or an unfair practice in the conduct of trade or commerce.

45. Selling items from its vending machines while listing the lower cash price and charging a higher amount for card purchases without disclosing such higher price, constitutes deceptive acts and/or a deceptive practice in the conduct of trade or commerce.

46. As set forth above, Defendant engaged in, *inter alia*, the following unfair and/or deceptive trade practices in transactions with Plaintiff and Class Members in Florida which were intended to result in, and did result in, the sale of the items from Defendant's machines:

    a. Concealing, omitting, and/or suppressing material facts regarding the items in its vending machines so as to create a likelihood of confusion or misunderstanding.

47. The deceptive trade practices described herein were likely to deceive a reasonable consumer. A reasonable consumer would believe that the price listed for items in Defendant's vending machines was the price they would pay regardless of the method of payment, unless they were provided with a clear notice to the contrary prior to payment.

48. Moreover, the practices and acts described herein were substantially injurious, unethical, and unscrupulous, and/or they provided no countervailing benefit to other consumers, and Plaintiff and Class Members could not reasonably have avoided their injuries.

49. As a direct and proximate result of the unfair and/or deceptive trade practices described herein, Plaintiff and the Class were damaged by being charged more than the listed price for items in Defendant's machines without being told of the higher price for purchases made with a card.

50. Moreover, Plaintiff and Class Members have been aggrieved by the violations described herein, and are therefore entitled to declaratory relief pursuant to § 501.211(1).

51. WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below.

### COUNT III: UNJUST ENRICHMENT
(Plaintiff and the Class)

52. Plaintiff incorporates by reference paragraphs 1-20 as if fully set forth herein, and to the extent necessary pleads this Count in the alternative to his breach of contract claim.

53. If there is not a contract, then Defendant is liable for unjustly enriching itself at the expense of Plaintiff and the Class.

54. Plaintiff and the Class members conferred a monetary benefit on Defendant when they paid for items in Defendant's machines.

55. As set forth above, Defendant knowingly misrepresented and concealed material facts in connection with its marketing, advertising, and sale of the items in its machines, when it charged consumers a higher price for purchases made with a card than the price listed on the machine, without disclosing the higher Card Price.

56. Defendant has retained Plaintiff's and the Class members' purchase price despite its knowing misrepresentations and concealments in connection with the sale of items in its machines.

57. As a result, Defendant is unjustly enriched at the expense of Plaintiff and the Class.

58. Under principles of equity and good conscience, Defendant should not be permitted to retain the money belonging to Plaintiff and the Class that Defendant gained through deceptive and fraudulent material misrepresentations and omissions in the marketing, advertising, and selling of items from its machines.

59. As a direct and proximate result of Defendant's conduct, Plaintiff and the Class members overpaid for items from Defendant's machines, in that they were charged more than the listed price for items without being told of the higher price for purchases made with a card.

60. Accordingly, Plaintiff and the Class seek full disgorgement and restitution of the amounts Defendant has retained as a result of the unlawful and/or wrongful conduct alleged herein, an amount which will be proved at trial.

61. WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, pray judgment against Defendant as follows:

1. Certifying the Class as requested herein;

2. Entering an Order appointing Plaintiff as class representative and undersigned counsel as lead counsel for the Class;

3. Awarding actual damages from Defendant in an amount to be determined;

4. Awarding punitive damages against Defendant under the FDUTPA based on Defendant's willful, knowing, and malicious conduct, as the Court deems necessary or proper;

5. Awarding declaratory and injunctive relief as permitted by law or equity including a preliminary and permanent injunction enjoining Defendant from continuing the unlawful practices as set forth herein;

6. Awarding pre-judgment and post-judgment interest;

7. Awarding reasonable attorneys' fees and costs herein;

8. Awarding such other and further relief as the Court deems fit and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated this 20th day of October, 2022.

        Respectfully submitted,

**ZEBERSKY PAYNE SHAW LEWENZ, LLP**

<u>**Edward H. Zebersky**</u>
Edward H. Zebersky, Esq. (FBN: 908370)
Kimberly A. Slaven, Esq. (FBN: 117964)
110 Southeast 6th Street, Suite 2900
Fort Lauderdale, FL 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781
ezebersky@zpllp.com
nesponda@zpllp.com

Richard S. Cornfeld (*Pro Hac Vice* to be submitted)
Daniel S. Levy (*Pro Hac Vice* to be submitted)
LAW OFFICE OF RICHARD S. CORNFELD, LLC
1010 Market Street, Suite 1645
St. Louis, Missouri 63101
Tel: (314) 241-5799
Fax: (314) 241-5788
rcornfeld@cornfeldlegal.com
dlevy@cornfeldlegal.com

Mike Arias (*Pro Hac Vice* to be submitted)
Robert Partain (*Pro Hac Vice* to be submitted)
Anthony Jenkins (*Pro Hac Vice* to be submitted)
ARIAS SANGUINETTI WANG & TORRIJOS, LLP
6701 Center Drive West, 14th Floor
Los Angeles, CA
T: (310) 844-9696
F: (310) 861-0168
robert@aswtlawyers.com
mike@aswtlawyers.com
anthony@aswtlawyers.com

***Attorneys for Plaintiff***